IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALTERRA BREWINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:11-CV-793-TMH |
| | ) | [WO] |
| D. DANIELS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, formerly an inmate incarcerated at the Kilby Correctional Facility ["Kilby"] in Mt. Meigs, Alabama, challenges the adequacy of medical care and treatment he received while incarcerated at the facility.  The named defendants are Dr.  Sangeeta Doshi and  Nurses D. Daniels, Pat Williams, Faye Thomas, Heralda Thomas, and Valire Slater.  Plaintiff seeks injunctive relief and damages for the alleged violation of his constitutional rights.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief.  In these documents, Defendants deny violating Plaintiff's constitutional rights. Further, Defendants  assert that Plaintiff failed to exhaust an administrative remedy available to him while incarcerated at Kilby.  Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendants' report as a motion for summary judgment.  *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject

for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible.").  The court explained to Plaintiff the proper manner in which to respond to a dispositive motion.  (*Doc. No. 20*.) This case is now pending on Defendants' motion for summary judgment and Plaintiff's opposition. (*Doc. Nos. 13, 25, 26*.) Upon consideration of motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative remedies. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of

3

evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Medical Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529-530 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11ᵗʰ Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment based on his failure to exhaust a previously available administrative remedy. *Matsushita*, *supra*.


## II. DISCUSSION

Plaintiff challenges the adequacy of medical care he received while incarcerated at Kilby. (*Doc. No. 1*.) In their dispositive motion, Defendants assert that this case is due to be dismissed because Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintains that with respect to the claims presented in the instant action, Plaintiff failed to exhaust the administrative remedies available to him at Kilby via the prison's inmate grievance procedure. (*See Doc. No. 1, Doshi Affidavit, Plaintiff's Medical Records*.)

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexande*r v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Id*. at 93 (emphasis added).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Woodford*, 548 U.S. at 90-91. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or

otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA). Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999); *see also Mitchell v. Horn*, 318 F.3d 523, 529 (3rd Cir. 2003).

The record in this case is undisputed that inmates at Kilby may utilize a grievance process in order to communicate complaints regarding medical treatment sought or received during their incarceration at the facility. (*Doc. No. 13, Doshi Affidavit*.) This administrative remedy is available to all inmates at Kilby, including  Plaintiff while he was incarcerated there. (*Id*.)   Defendants contend that a search of Plaintiff's inmate medical records reflects that while he submitted medical grievances related to his medical care and treatment received from medical staff at Kilby, he never filed a grievance appeal after receiving a response to his initial medical grievances, and thus, failed to exhaust properly the available administrative remedy. (*Id. and Plaintiff's Medical Records*.) The grievance appeal is the second step in the grievance process and involves the submission of a formal medical grievance appeal if an inmate is not satisfied with the response he received from his initial grievance. (*Id.*)

In opposition to Defendant's dispositive motion, Plaintiff does not deny that he is required to exhaust administrative remedies or that an inmate grievance procedure is available

at Kilby for complaints regarding an inmate's medical care and treatment.  Rather, Plaintiff asserts that "all possible grievance procedures were met," and that he "even wrote . . . to the Associate Commissioner for Health Services. . .  spoke to the Assistant Warden. . . .[and] handmail[ed] Warden Barrett about the matter at hand."  (*Doc. No. 26*.)   Plaintiff further maintains that Defendants failed to respond to his grievances within the appropriate time frame, and therefore, did not adhere to their own rules with respect to the grievance process. (*Id.*)

The record in this case establishes that the health care unit at Kilby provides a procedure for inmates who wish to submit a  grievance with respect to medical treatment and care sought and/or provided.  Defendants submitted evidence which reflects that when inmates are processed into the Alabama Department of Corrections they are informed of the process and procedure for obtaining medical care and medication and are also educated about the availability of the medical grievance process whereby they may voice complaints regarding any medical treatment sought or received during their incarceration.  Inmate grievance forms are available to inmates at Kilby for the purpose of submitting a grievance related to the provision of health care, inmate grievances are answered within an approximate stated time frame, and the inmate grievance form provides information about how an inmate may appeal the response he receives to his initial inmate grievance. (*See Doc. No. 13 and Doshi Affidavit*.)  Plaintiff's evidence has not successfully rebutted this showing that a grievance process was available at Kilby during the time of his incarceration. Plaintiff's conclusory assertions that he met all possible grievance procedures, notified various

9

correctional personnel of his medical concerns, and medical staff failed to respond to his initial medical grievance within the stated time frame, fail to overcome Defendants' evidence showing that a grievance system was available at the institution for Plaintiff's claims and that he failed to exhaust properly the administrative remedy available to him.

The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to make a colorable showing that he exhausted properly his administrative remedies and/or demonstrated that he was denied access to those administrative remedy procedures. The undersigned finds there is no dispute of material fact that Plaintiff failed to exhaust properly his administrative remedies with respect to his claim of deliberate indifference to his medical needs. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The court, therefore, concludes that the claims presented in this cause of action are subject to dismissal as Plaintiff failed to exhaust properly an administrative remedy available to him which is a precondition to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94.

Plaintiff is no longer incarcerated. Thus, the administrative remedy provided by Defendants is no longer available to Plaintiff. Under such circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or

10

by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Keirk*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (Inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no circumstances justified the failure to exhaust.).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (*Doc. No. 13*) be GRANTED to the extent Defendants seek dismissal of this case for Plaintiff's failure to exhaust properly available administrative remedies;

2.  This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust properly an administrative remedy available to him during his confinement at the Kilby Correctional Facility; and

3.  No costs be taxed herein.

It is further

ORDERED that on or before **November 21,  2012** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of November, 2012.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE